IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC THOMAS, | § | |
| | § | |
| Movant, | § | |
| | § | No. 3:19-cv-01047-B-BT |
| v. | § | No. 3:17-cr-00154-B (9) |
| | § | |
| UNITED STATES of AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Eric Thomas, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255. (CV ECF No. 2).[1] The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny Thomas's § 2255 motion and also deny his "Motion for Leave to Supplement" (CV ECF No. 19).

*Background*

Thomas pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and on June 19, 2018, the District Court sentenced him to 110 months' imprisonment. After the Fifth Circuit dismissed his

---

[1] For purposes of these Findings, Conclusions, and Recommendation, "CR ECF" refers to the criminal action, case number 3:17-cr-154-B (9), and "CV ECF" refers to this civil action, case number 3:19-cv-1047-B-BT.

direct appeal for want of prosecution, Thomas filed a § 2255 motion, which the Clerk's Office received on April 29, 2019.

In his motion, Thomas argues:

(1)    his attorney generally provided ineffective assistance of counsel;

(2)    the Court incorrectly calculated his criminal history score;

(3)    his sentence was improperly enhanced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1); and

(4)    he suffered numerous unspecified constitutional violations.

Thomas also generally references the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

In its response, the Government argues: Thomas's § 2255 motion presents fatally conclusory ineffective assistance of counsel claims; his direct attacks on the Court's application of the guidelines are waived, not cognizable under § 2255, and meritless; and his remaining claims are unintelligible, fatally vague, and conclusory. The Government also notes that Thomas cites to *Rehaif* but makes no claim for relief and, even if Thomas did state a claim under *Rehaif*, he procedurally defaulted on that claim because he failed to raise it on direct appeal.

Thomas filed a reply and two motions to appoint counsel (CV ECF Nos. 6, 11). The Court denied both motions to appoint counsel without prejudice. Ord. 1 (CV ECF No. 12). The Court also found that Thomas appeared to be requesting

leave to add new claims to his § 2255 motion. The Court thus gave Thomas 30 days to file an amended motion. *Id.* Thereafter, Thomas filed a third motion to appoint counsel, Mot. (CV ECF No. 13), which  the Court denied without prejudice. Ord. (CV ECF No. 14).

The Court subsequently received a two-page, handwritten document from Thomas (CV ECF No. 16), which is difficult to read, but the Court can discern that Thomas cites to *Rehaif* and refers to the decision as "newly discovered evidence." *Id.* 1. The Court also received Thomas's "Motion for Leave to Supplement" (CV ECF No. 19), in which he seeks to add a new ineffective assistance of counsel claim to his § 2255 motion.

The Court finds Thomas's § 2255 motion is fully-briefed and ripe for determination.

*Legal Standards and Analysis*

**A. Motion to Vacate**

1. Thomas's ineffective assistance of counsel claims are vague and conclusory.

Thomas's ineffective assistance of counsel claims are fatally conclusory. Although *pro se* filings are liberally construed, this does not mean the court must develop the arguments on behalf of the litigant. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) ("[M]ere conclusory allegations on critical issues are insufficient to raise a constitutional issue.") (quoting *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)). Federal courts do not "consider a habeas

petitioner's bald assertions on a critical issue in his *pro se* petition . . . [and] mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)); *see also Lookingbill v. Cockrell*, 293 F.3d 256, 263 (5th Cir. 2002) (noting that where a habeas petitioner fails to brief an argument adequately, it is considered waived) (citing *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Here, each of Thomas's ineffective assistance of counsel claims lacks the necessary facts and specificity of detail for this Court to properly address them. For example, Thomas avers that his counsel was "ineffective based on unlawful violations of fiduciary obligations, Fifth Amendment requirements not being applied within the entire case which will be the facts if actual evidence, law declared on the record plainly written, firmly agreed to represent Oath of Office, Fourth Amendment." Mot. 1 (CV ECF 2). But he does not explain how his lawyer was ineffective or state what "fiduciary obligation" the lawyer violated. He also states, "[t]he record of Eric Thomas, petitioner, fully does reflect errors, mistakes by the required obligations of ineffective counsel, of not objecting the reflected violations towards petitioner, from constructive fraud, and intentional fraud, unlawfully altered the plea agreement, resulting in a void negotiation contract." *Id.*

4

5. However, he does not identify any particular errors or mistakes by his attorney; nor does he elaborate on what objections or arguments his attorney should have made. Thomas then concludes, "ineffective assistance of counsel may render as [sic] guilty plea involuntary, and hence invalid." *Id.* But, again, Thomas does not explain how his attorney's representation was ineffective such that it rendered his guilty plea involuntary. Thomas's conclusory claims of ineffective assistance of counsel are insufficient to state a claim under § 2255, and the Court should summarily deny them.

    2.  <u>Thomas's direct attacks on the Court's application of the guidelines are waived and not cognizable.</u>

Thomas argues that the Court erred in calculating the advisory guideline range applicable to his offense. Mot. 3-5 (CV ECF No. 2). He specifically contends that the Court incorrectly calculated his criminal history score. *Id.* Thomas also argues that this Court erroneously enhanced his sentence under the ACCA. *Id.* 5.

Thomas waived his right to challenge the Court's application of the guidelines. On August 15, 2017, Thomas pleaded guilty to count eight of the superseding indictment pursuant to a written plea agreement. (CR ECF Nos. 112, 124). His plea agreement specifically included the following waiver provision:

> Waiver of right to appeal or otherwise challenge sentence: Thomas waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Thomas reserves the rights (a) to bring a direct appeal (i) of a sentence exceeding the

> statutory maximum punishment, or (ii) an arithmetic error at sentencing (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

(CR ECF No. 112 at 5-6). Thomas's attack on the calculation of his guidelines does not specifically fall within any reservation of rights contained in his appellate-rights waiver provision.

Generally, courts may enforce a collateral review waiver provision where the waiver "was knowing and voluntary, and if the waiver applies to the circumstances at hand." *United States v. Walters*, 732 F.3d 489, 491 (5th Cir. 2013) (citing *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005)); *see also United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). However, the Fifth Circuit Court of Appeals has recognized exceptions to this general enforcement rule where a movant raises a claim of ineffective assistance of counsel or the sentence exceeds the statutory maximum. *United States v. Barnes*, 953 F.3d 383, 388-89 (5th Cir. 2020); *see also United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004).

Here, there is no indication from the record that Thomas's appellate-rights waiver was not informed and voluntary. In fact, in his plea agreement, Thomas acknowledged his guilty plea was "freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose." (CR ECF No. 112 at 5). Thomas additionally acknowledged that he had "thoroughly reviewed all legal and factual aspects of this case with his

lawyer and is fully satisfied with that lawyer's legal representation . . . [he] has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement." (*Id.* at 6). Thomas then conceded "that he [was] guilty, and after conferring with his lawyer, [he] has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case." (*Id.* at 6). In sum, Thomas's plea was knowing and voluntary, and his attack on the Court's calculation of his guidelines is barred by the appellate-rights waiver in his plea agreement. Therefore, Thomas's attacks on the Court's calculation of his criminal history score should be dismissed as waived.

Furthermore, misapplications of the sentencing guidelines are not cognizable in § 2255 motions. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (internal citation omitted) (citing *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994); *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994)); *see also Bowling v. United States*, 2020 WL 8294925, at *5 (N.D. Tex. Dec. 28, 2020) (recognizing the Fifth Circuit Court of Appeals "has historically and consistently held technical application of the guidelines does not raise an issue of constitutional dimension for purposes of section 2255."), *rec. adopted* 2021 WL 272212 (N.D. Tex. Jan. 26, 2021). Thus, the Court should dismiss Thomas's attacks on this Court's application of the guidelines as not cognizable.

Thomas also argues that the Court erroneously enhanced his sentence under the ACCA.  Mot. 5 (CV ECF No. 2) ("Eric Thomas's past priors do not justify an ACCA enhancement and the eight points need to be taken off the record immediately" because his prior convictions "were misdemeanors."). But Thomas is simply mistaken. The Court did not enhance his sentence under the ACCA. *See* (PSR ¶ 35) (noting no Chapter Four enhancements were recommended, and this was adopted by the District Court at sentencing). Consequently, Thomas's attack on his sentence under the ACCA is meritless.

For these reasons, Thomas's attacks on the Court's application of the guidelines should be dismissed, as waived or as noncognizable, or they should be denied on the merits.

3.    Thomas's remaining claims are unintelligible, fatally vague, and conclusory.

The last three pages of Thomas's motion consists of numerous conclusory allegations and nonsensical statements. Mot. 7-9 (CV ECF No. 2). For example, Thomas states, "Due Process was fully violated within Fifth Amendment Rights, Protections, and Guarantees[.]" *Id.* 7. He further states, "[t]he oppression, deprivation of rights, due process of law, equal protections of Eric Thomas, petitioner, was completely ignored which violated the original Thirteenth (13) Amendment[.]" *Id.* 8. "Neither Slavery, nor involuntary servitude, except as punishment for crime whereof the party shall have been duly convicted, shall exist

within the United States, nor any place subject to their jurisdiction." *Id.* The Court should dismiss these claims as they are conclusory in nature and nonsensical.

These claims also do not raise cognizable grounds for relief under § 2255, and it is not the Court's role to discern a cognizable claim where none is apparent. Although Thomas is proceeding *pro se*, and he is entitled to a liberal interpretation of his pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*pro se* pleadings are held to "less stringent standards"), he is not entitled to have the Court make his arguments for him. *Pineda*, 988 F.2d at 23 ("[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue."). Accordingly, the Court should summarily dismiss Thomas's remaining claims.

4. Thomas's *Rehaif* claim is procedurally defaulted.

In his § 2255 motion, Thomas generally references the Supreme Court's decision in *Rehaif*, Mot. 3 (CV ECF No. 2), but he does not make any argument in support of a claim under *Rehaif*. In a much later filed "Notice" (CV ECF No. 16), Thomas implies that the Court should set aside his conviction because the Government did not prove he knew he was a prohibited person under *Rehaif*.[2] Thomas's vague references to *Rehaif* fail to state a claim for relief. But even if Thomas had properly stated a claim, he failed to raise it on direct appeal when he had the opportunity to do so, and it is therefore procedurally defaulted.

---

[2] In *Rehaif*, the Supreme Court held that a defendant's knowledge of his status as a felon or other prohibited person giving rise to § 922(g)'s prohibition is an element of the offense. 139 S. Ct. at 2194.

When a movant fails to raise a claim on direct appeal, the claim is procedurally defaulted and can only be considered under § 2255 if the movant can show cause for his failure to raise the claim on direct appeal and actual prejudice, or that he is actually innocent. *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996); *see also United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). Here, Thomas filed a direct appeal with the Fifth Circuit that was dismissed for want of prosecution on August 14, 2018. Thomas did not raise a *Rehaif* claim on direct appeal. Although the Supreme Court did not issue its decision in *Rehaif* until June 21, 2019, the Supreme Court made clear that its holding was based on precedent and the plain language of § 922(g). *Rehaif*, 139 S. Ct. at 2196-97. Therefore, the basis of any argument under *Rehaif* was available to Thomas at the time he filed his appeal. *See Palacios v. Warden, F.C.C. Yazoo City*, 2020 WL 7410153, at *2 (S.D. Miss. Oct. 22, 2020) ("Given that *Rehaif* 'was based upon clear precedent and the plain language of the statute,' Palacios cannot argue that the basis of this claim was unavailable to him.") (quoting *Jordan v. Rivers*, 2020 WL 3564476, at *2 (S.D. Miss. June 3, 2020)); *see also United States v. Hilliard*, 2021 WL 2369400, at *7 n.13 (E.D. Va. June 9, 2021) ("Several courts have found that a *Rehaif*-type challenge to § 922(g) conviction was available long before *Rehaif* was decided; thus, this claim is likely not so novel as to establish cause for Hillard's procedural default."); *Anderson v. United States*, 2020 WL 5803327, at *3 (S.D. Fla. Sept. 8, 2020) ("'[T]he question presented in *Rehaif* has been thoroughly and repeatedly litigated in the courts of appeals for decades, and as such, it does not qualify under

the novelty exception.") (citing *Dawkins v. United States*, 2020 WL 4936978, at *3 (S.D. Fla. Aug. 24, 2020)); *United States v. Bryant*, 2020 WL 353424, at *3 (E.D.N.Y. Jan. 21, 2020) ("The issue decided in *Rehaif* was percolating in the courts for years[.]") (collecting cases). Thomas's failure to raise this issue on direct appeal results in a procedural default.

Thomas fails to show cause for his failure to raise the claim on direct appeal or actual prejudice. Thomas also fails to overcome the procedural default by arguing that he is "actually innocent" of violating § 922(g). *Bousley*, 523 U.S. at 622. "Actual innocence" means factual innocence. *Id.* at 623. To prove actual innocence, Thomas must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted" him of violating § 922(g). *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999). The record belies this possibility, as Thomas admitted—both in his Factual Resume and during his guilty plea—that he knew he was a felon. (CR ECF No. 111 at 1-2; CR ECF No. 374 at 15). Courts in this Circuit "generally will not allow a defendant to contradict his testimony given under oath at a plea hearing." *McDaniels*, 907 F.3d at 371. Thus, Thomas cannot show actual innocence.

Consequently, to the extent Thomas has raised a *Rehaif* claim, it should be dismissed as procedurally defaulted.

## B.  Motion for Leave to Supplement

Thomas requests liberal interpretation of his motion for leave to supplement (CV ECF No. 19) under *Haines v. Kerner*, 404 U.S. 519 (1972), and he seeks to add

a new claim of ineffective assistance of counsel to his § 2255 motion. Mot. 1 (CV ECF No. 19). Specifically, Thomas argues that his attorney failed to move on his behalf for another attorney to represent him before the Fifth Circuit Court of Appeals. *Id.* 2. Thomas contends that his attorney moved to withdraw before this Court ruled on his notice of appeal. *Id.* According to Thomas, his attorney's actions prejudiced him by causing "his appeal to be forfeited and dismissed" for want of prosecution. *Id.* And his attorney's actions amount to a miscarriage of justice, which affected his substantial rights under the Sixth amendment. *Id.* Thomas contends that he had the right to be represented by counsel during the appellate process, and he concludes he is entitled to an evidentiary hearing on this motion. *Id.* 2-3.

Federal Rule of Civil Procedure 15 governs a request for leave to amend a § 2255 motion. *United States v. Jones*, 834 F. App'x 104, 105 (5th Cir. 2021) (per curiam) (citing *United States v. Gonzalez*, 592 F.3d 675, 678 n.2, 679 (5th Cir. 2009)). It is well-established that Rule 15 applies in § 2255 proceedings. *Mayle v. Felix*, 545 U.S. 644, 655 (2005); *see also United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002). "Rule 15(a) requires a trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987,994 (5th Cir. 2005) (citation and internal quotation marks omitted). The district court is entrusted with the discretion to grant or deny a motion to amend and may consider a variety of factors including "undue delay, bad faith or dilatory motive on the part of the movant,

repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., and futility of the amendment." *Id.* (citation omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996). The statute provides that the limitations period shall run from the latest of:

    (1)   the date on which the judgment of conviction becomes final;

    (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

    (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). On August 14, 2018, the Fifth Circuit Court of Appeals dismissed Thomas's appeal for want of prosecution and entered judgment. Thomas did not file a petition for writ of certiorari, and his time for doing so expired on November 12, 2018. *See* Sup. Ct. R. 13 (a petition for writ of

certiorari "is timely when it is filed . . . within 90 days after entry of judgment."). Thomas's conviction thus became final on November 12, 2018. *See Clay v. United States*, 537 U.S. 522, 525 (2003). Thomas then had one year, or until November 12, 2019, to file his § 2255 motion.

Here, Thomas timely filed his § 2255 motion on April 23, 2019.[3] (CV ECF No. 2). He then filed his motion for leave to supplement (CV ECF No. 19) on October 26, 2020. *Id.* 4. However, Thomas filed his motion more than eleven months after the time expired for him to file a timely § 2255 claim. *See* 28 U.S.C. § 2255(f)(1). The ineffective assistance of counsel claim set forth in Thomas's motion for leave to supplement his § 2255 motion is therefore not timely.

Under Federal Rule of Civil Procedure 15, an untimely claim is not time-barred if it relates back to the original, timely-filed § 2255 motion. Fed. R. Civ. P. 15(c)(1)(B); *Gonzalez*, 592 F.3d at 679: *see also United States v. Duffus*, 174 F.3d 333, 338 (3d Cir. 1999) ("A prisoner should not be able to assert a claim otherwise barred by the statute of limitations merely because he asserted a separate claim within the limitations period."). However, new claims "do not automatically relate back to prior [ ] claims simply because they violate the same constitutional provision." *Gonzalez*, 592 F.3d at 680. Rather, "[a]n amendment of a pleading

---

[3] Under the prison mailbox rule, a prisoner's *pro se* filing is deemed filed when it is delivered to prison authorities for mailing to the court's clerk. *Houston v. Lack,* 487 U.S. 266, 268 (1988); *Medley v. Thaler*, 660 F.3d 833, 840 (5th Cir. 2011). Thomas's § 2255 motion, apparently mailed by prison officials, is signed and dated April 23, 2019. Mot. 10 (CV ECF No. 2).

relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *Saenz*, 282 F.3d at 356. The court "must look to whether [the movant's] new claim asserts 'a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.'" *Gonzalez*, 592 F.3d at 680 (quoting *Mayle*, 545 U.S. at 650).

It would be futile to permit Thomas to supplement his § 2255 motion to add the new ineffective assistance of counsel claim because the claim is time-barred. Although Thomas's new claim is based on ineffective assistance of counsel, and some of the claims in his § 2255 motion are also based on ineffective assistance of counsel, the new claim does not share a common core of operative facts with any claim in his timely-filed § 2255 motion. Thomas's motion for leave to supplement therefore asserts a new ground for relief that that differs in time and type from the claims set forth in the original § 2255 motion. In sum, the ineffective assistance of counsel claim set forth in Thomas's motion for leave to supplement does not relate back, and it is untimely. *See Gonzalez*, 592 F.3d at 680 ("If [a new claim asserts a new ground for relief supported by facts that differ in both time and type from those in the original pleading] then [the] proposed amendment does not relate back to [the] original pleading and is time-barred."); *see also United States v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006) (holding that the trial court did not abuse its discretion when it found that the movant's claim for ineffective assistance

15

of counsel on cross-examination did not relate back to the claims contained in his original § 2255 motion because they were "not similar enough to satisfy the 'time and type' test, nor do they arise out of the same set of operative facts").

Last, the Court will address Thomas's request for an evidentiary hearing on his motion for leave to supplement. Mot. 3 (CV ECF No. 19). With a § 2255 motion, an evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981) (citing *Sosa v. United States*, 550 F.2d 244, 250 (5th Cir. 1977)). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (quoting *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008)); *see also United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)). A district court's decision not to hold an evidentiary hearing is reviewed for abuse of discretion. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citing *Cervantes*, 132 F.3d at 1110).

Here, as discussed, Thomas's motion for leave to supplement his § 2255 motion seeks to add a time-barred ineffective assistance of counsel claim, and the claim does not relate back to his timely § 2255 motion. Therefore, the ineffective assistance of counsel claim set forth in Thomas's motion for leave to supplement is untimely under § 2255(f)(1), and for this reason, he has failed to demonstrate his motion warrants an evidentiary hearing.

16

*Conclusion*

The Court should DENY Thomas's motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 and Thomas's "Motion for Leave to Supplement" (CV ECF No. 19).

Signed August 31, 2021.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).